### WILLIAM BONNER *v.* JOHN H. BAKER.

No valid auction sale of real estate can be made when the description of the property sold is vague
and indefinite.
To make a valid auction sale of immovables and slaves, the authority given by the owner to the
auctioneer should be in writing—as also the conditions on which the sale is to be made.

APPEAL from the District Court, Third District, Parish of Jefferson,
*Clarke,* J. *V. F. & J. B. Cotton,* for plaintiff. *Lavergne,* for defendant
and appellant.

VOORHIES, J. This suit is instituted by *William Bonner* in his own name
and as agent of *George Pursglove,* to compel the defendant to execute a con-
veyance to them for four lots of ground, which they allege were offered by him
for sale, for cash, at auction, on the 8th of May, 1852, and adjudicated to them
by *John P. Phillips,* as auctioneer.

The defendant, in his answer, has excepted to the joinder of actions, and
pleaded the general issue.

Whether the trial on the merits in the Court *à qua,* without noticing the ex-
ception, operated as an abandonment or waiver of it on the part of the defend-
ant, as urged by the plaintiffs, we consider immaterial for us to determine, as
we have come to a conclusion on the merits.

The only evidence on the merits, as exhibited by the record, consists of the
testimony of *L. R. Kinny,* a memorandum purporting to be a proces-verbal of
the auctioneer, and a publication of the sale of 18 lots of ground in the village
of Mechanicsham, in squares Nos. 8, 9 and 24. The description of the squares is
the only description given of the lots, and it is not stated to whom they be-
longed. The terms of sale announced, namely, "one-fourth cash; balance at 6,

BONNER
v.
BAKER.

12 and 18 months; a mortgage on the property to secure payment," are entirely different from those alleged in the petition. There is no averment or proof of the payment of the price of adjudication. The memorandum of the auctioneer is in the following words, viz :

"Sales at auction of four lots of ground in the village of Mechanicsham, Parish of Jefferson, Louisiana, by order and on account of *Mr. John H. Baker*, by *J. P. Phillips*. R. *Armfield*, auc't at Bank's Arcade, Magazine street, on Saturday the 8th May, 1852.

| | | |
|---|---|---:|
| *George Pursglove*, Lot No. 1, | | $250 00 |
| Do.    do.    do. No. 2, | | 235 00 |
| *William Bonner*,    do. Nos. 7 & 8, $85, | | 170 00 |
| | | $655 00 |
| Charges, commissions and State Taxes, 3 per cent., | | $22 60 |
| Advertising, | | 5 50 |
| | | $28 10 |

New Orleans, 13th May, 1852.

(Signed)    R. ARMFIELD, Auctioneer.

Rec'd payment of comss. & taxes from *L. R. Kinny*, Notary Public, N. Orleans, 13th May, 1852.                    (Signed)    J. P. PHILLIPS."

The statement of facts contained in this instrument, does not, in our opinion, meet the requirements of law to constitute a valid procès-verbal of sale. The auctioneer, in his procès-verbal, should give an exact description of the property conveyed, the price of adjudication, and the terms of sale. The description of the lots in question is so vague and indefinite that it is utterly impossible to designate those adjudicated to the plaintiffs out of the eighteen advertized for sale. The testimony of *Mr. Kinny* we consider immaterial. He says, "he was at the Arcade when the property described in plaintiff's petition was offered for sale, and adjudicated to plaintiff. Defendant was also present and made no objections."

Under this state of facts the adjudication, tested by the provisions of our Code, was clearly illegal and void. In relation to auction sales of immovables and slaves, the law requires that the authority given by the vendor to the auctioneer should be in writing, as well as the conditions on which such sales are made. C. C. Art. 25, 84. No such authority appears to have been given in this case. In the case of *Pew* v. *Livaudais*, 3 L. R. 460, the Court held : —
"We have no hesitation to say, that as another part of the Code, Articles 2255-6, requires the assent of the parties to a sale of real estate to be written, unless the party, against whom the sale is sought to be enforced, admits it, we cannot recognize any validity in an auction sale of real property the owner of which did not authorize or assent to in writing, and does not admit his assent otherwise." The same principle is also recognized in the case of *Short* v. *Knight*, 15 L. R. 484. In that case the adjudication was held to be null and void, on the ground of the absence of written evidence of any authority given by the defendant to the auctioneer to sell the lot.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that judgment be rendered in favor of the defendant, with costs in both Courts.

SLIDELL, C. J. I wish' to be considered as putting my concurrence in our decree, upon the ground of the uncertainty as to the thing sold, not deeming it indispensable to express an opinion on the other point.